UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ADAM WHETSTONE,

    Plaintiff,

        -against-

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
-----------------------------------------------------------------X

ORDER ADOPTING REPORT AND RECOMMENDATION
22 Civ. 3009 (NSR)(AEK)

NELSON S. ROMÁN, United States District Judge

    Plaintiff Adam Whetstone ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security (the "Commissioner"), which denied Plaintiff's application for Social Security Income benefits ("SSI"). (ECF No. 1) The Commissioner determined Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). This case was referred to Magistrate Judge Andrew E. Krause ("MJ Krause"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), to issue a Report and Recommendation ("R & R") on Plaintiff's motion and Defendant's cross-motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 21, 25.) On August 11, 2023, MJ Krause issued an R & R recommending that Plaintiff's motion be DENIED and Defendant's cross-motion be GRANTED.

    For the following reasons, the Court reviews the R & R for clear error, finds no clear error, adopts the R&R in its entirety. Accordingly, judgment is entered in favor of Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/20/2023

1

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

Plaintiff filed for disability benefits on March 25, 2016, alleging he was disabled as of January 1, 201, the onset date. Plaintiff initially claimed disability based on depression, anxiety, bipolar disorder, back and leg pain, and asthma. Following the denial of his claim, Plaintiff requested a hearing before an administrative judge ("ALJ'). On February 5, 2018, Plaintiff appeared before ALJ Marc Mates ("ALJ Mates"), who conducted a hearing. On June 13, 2018, ALJ Mates issued a decision denying Plaintiff application for benefits. Plaintiff filed an appeal, a request for review of ALJ's decision with the Social Security Administration's Appeal Council ("Appeal Council"). On August 8, 2019, the Appeal Council vacated the ALJ's decision and remanded the matter back for further proceedings.

On remand, Plaintiff appeared before ALJ Miriam Shire, who subsequently issued a decision denying Plaintiff's application for disability benefits. Plaintiff filed a second appeal, a request for review of ALJ Shire's decision with the Appeal Council. On February 7, 2022, the Appeals Council denied the appeal. Plaintiff commenced the instant action seeking to overturn the Social Security Administration's ("SSA") denial of benefits.

## STANDARD OF REVIEW

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga*

*County*, 517 F.3d 601,604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F. 2d 15, 16 (2d Cir. 1989)); see also Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

When reviewing an appeal from a denial of SSI, the Court's review is "limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)); see also 42 U.S.C. § 405(g). The Court does not substitute its judgment for the agency's, "or determine *de novo* whether [the claimant] is disabled." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (alteration in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). However, where the proper legal standard have not been applied and "might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Pollard*, 377 F.3d at 189 (quoting *Townley v. Heckler*, 748 F.2d 109, 112 (2d. Cir. 1984)). Therefore, "[f]ailure to apply the correct legal standard is grounds for reversal." *Id.* "Where there are gaps in the administrative record or the ALJ has applied an improper legal," remand to the Commissioner "for further development of the evidence" is appropriate. *Rosa v. Callahan*, 168 F.3d 82, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F. 3d 34, 39 (2d Cir. 1996)).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error. Upon a thorough review of the record and MJ Krause's well-reasoned R & R, the Court finds the conclusion(s) reached are grounded in fact and law. Accordingly, the Court adopts the R & R which determined there was insufficient evidence to support Plaintiff's claim of the existence of a disability.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Krause's R & R in its entirety. Plaintiff's motion is DENIED and Defendant's Motion for Judgment on the Pleadings is GRANTED. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant, terminate the motions at ECF No. 21 and 25, and terminate the action.

Dated: September 20, 2023
      White Plains, New York

SO ORDERED

Nelson S. Roman
U.S. District Court, Judge